Bethany G. Lukitsch, Bar No. 314376
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: (310) 820-8800
Facsimile: (310) 820-8859
Email: blukitsch@bakerlaw.com

*Attorneys for Defendant*
CONVERGENT OUTSOURCING, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CORTEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | NO.<br><br>**NOTICE OF REMOVAL**<br><br>DEMAND FOR JURY TRIAL<br><br>*[Filed concurrently with Disclosure Statement]* |

Pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, Defendant Convergent Outsourcing, Inc. ("Defendant") removes this action from the Superior Court of the State of California, Kern County, to the United States District Court for the Eastern District of California.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Defendant in the Superior Court case are attached as **Exhibit A** to this Notice. Defendant will file a copy of this Notice with the Superior Court.

The grounds for removal are as follows:

**I.   FACTUAL BACKGROUND[1]**

1. In October 2022, Defendant announced a data security incident involving unauthorized access to its systems that impacted some consumer personal information. On

---

[1] For purposes of this Notice only, Defendant assumes the truth of allegations set forth in the Complaint. However, Defendant denies that it has any liability to Plaintiff or to the class he seeks to represent.

November 15, 2022, Anthony Cortez ("Plaintiff"), on his own behalf and on behalf of other individuals, filed a putative class action complaint against Defendant in the Superior Court of the State of California, Kern County, styled *Anthony Cortez v. Convergent Outsourcing, Inc.,* Case No. BCV-22-103113, alleging claims for (i) violation of the California Consumer Privacy Act of 2018 ("CCPA"); (ii) violation of the California Unfair Competition Law; and (iii) negligence. (Ex. A, Compl., ¶¶ 58-87.)

2. Plaintiff alleges that he is among "thousands" (*id*. at ¶¶ 32, 52) of similarly situated consumers who were impacted by the data security incident and seeks certification of a class consisting of "[a]ll California residents whose PII was subjected to the Data Breach." (*Id*. at ¶ 49.) Plaintiff seeks relief including general, compensatory and/or consequential damages; actual damages; punitive damages; equitable relief; injunctive relief; declaratory relief; attorneys' fees; costs; and interest. (*Id*., Prayer for Relief.)

## II.   REMOVAL IS TIMELY

3. Plaintiff filed this lawsuit on November 15, 2022, and served Defendant with a copy of the summons and Complaint on January 31, 2023, through Defendant's registered agent. Defendant timely removed this action within thirty (30) days of the receipt of the Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 348 (1999) (time period for removal begins when the defendant is served).

4. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS ORIGINAL JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT

5. This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") because this case (i) is pled as a putative class action, (ii) with over 100 proposed plaintiff class members, (iii) that involves a minimal diversity of citizenship among the parties, and (iv) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d).

**A.     The Complaint is pled as a putative class action.**

6.     CAFA defines a "class action" as "any civil action under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

7.     Plaintiff seeks class certification under California Code of Civil Procedure § 382. (*See, e.g.,* Ex. A, Compl., ¶ 1 ("This is a data breach class action"); *id.* at ¶ 8 ("This action is brought as a class action on behalf of Plaintiff and Class members pursuant to Cal. Code Civ. Proc. § 382."); *id.* at ¶ 49 ("Plaintiff seeks to represent and intends to seek certification of a class").) Thus, the CAFA requirement that the Complaint is pled as a class action is satisfied. *See* 28 U.S.C. § 1332(d)(1)(B).

**B.     Plaintiff alleges a putative class with over 100 proposed members.**

8.     Plaintiff alleges that the putative class has "thousands" of members. (Ex. A, Compl., ¶¶ 32, 52.) Accordingly, the 100-person requirement in CAFA is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

**C.     Minimal diversity of citizenship exists.**

9.     Federal courts may exercise jurisdiction over a class action if any class member is a citizen of a different state from any defendant. 28 U.S.C. § 1332(d)(2)(A).

10.    <u>Plaintiff's Citizenship</u>. Plaintiff is a resident of California. (Ex. A, Compl., ¶ 11.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See La. Mun. Police Emples. Ret. Sys. v. Wynn*, 829 F.3d 1048, 1056 (9th Cir. 2016). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Since Plaintiff alleges that he currently resides in California, Plaintiff is a citizen of the State of California.

11. <u>Defendant's Citizenship</u>. Defendant is incorporated in and has its principal place of business in Washington. A true and correct copy of Washington Secretary of State Records for Defendant is attached hereto as **Exhibit B**. The removal statute provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 93-94 (2010) (concluding that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or where it has its "nerve center."). Thus, Defendant is a citizen of Washington.

12. Because Defendant and at least one member of the putative class are citizens of different states, CAFA's minimal diversity requirement is met in this case. *See* 28 U.S.C. § 1332(d)(2)(A) ("any member of a class of plaintiffs is a citizen of a State different from any defendant").

**D.    The CAFA Amount in Controversy is satisfied.[2]**

13. The final requirement for CAFA jurisdiction—that the amount in controversy exceeds $5 million—is also met in this case. *See* 28 U.S.C. § 1332(d)(2).

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (quoting S. REP. NO. 109-14, at 43 (2005)) "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee*, 574 U.S. at 89; *see also* 28 U.S.C. § 1446(c)(2)(B).

15. Courts may consider the combined total amount of alleged actual damages and punitive damages. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240

---

[2] The amounts set forth in this Notice of Removal are solely for purposes of establishing that the amount in controversy exceeds the $5 million threshold and are not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is injured or entitled to recover any amount, and denies that a class can be properly certified in this matter.

(1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."). The amount in controversy also includes reasonable attorney's fees, if mandated or allowed by statute or contract. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) ("Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees."). Finally, the costs of complying with an injunction may establish the amount in controversy. *Dart v. Craigslist, Inc.*, 665 F. Supp. 2d 961, 964 (N.D. Ill. 2009) (quoting *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 609 (7th Cir. 1997) ("Looked at from the defendants' standpoint, the minimum amount in controversy would be present if the injunction sought by the plaintiffs would require some alteration in the defendant's method of doing business and that would cost the defendant at least the statutory minimum amount."); *see also Ottawa Twp. Bd. of Trustees v. New Par*, No. 3:17-CV-228, 2017 WL 4512475, at *1 (N.D. Ohio Oct. 10, 2017); *accord Stapleton v. Skyline Terrace Apartments*, No. 5:17-CV-02207, 2018 WL 1315151, at *2 (N.D. Ohio Mar. 14, 2018) (citing *Cleveland Hous. Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 560 (6th Cir. 2010)).

16. Plaintiff requests the following relief, which, aggregated across the putative class of thousands of individuals, places more than $5 million in controversy, exclusive of interests and costs:

Damages: "Plaintiff, on behalf of himself and the Class seeks actual damages, equitable relief, including injunctive relief . . . ." (Ex. A, Compl., ¶ 69), restitution (*id.* at ¶ 77), compensatory and consequential damages (*id.* at ¶ 87), putative damages, and attorneys' fees (*id.*, Prayer for Relief). Plaintiff further claims that the class members will incur "financial and temporal cost of monitoring their credit [and] monitoring financial accounts . . . ." (*Id.* at ¶ 76.)

17. Plaintiff also alleges that identity theft results in "substantial costs and inconveniences" and that "[v]ictims of identity theft must spend countless hours and large amounts of money repairing the impact to their good name and credit record." (*Id.* at ¶ 26.)

- 5 -

18. Plaintiff does not clearly allege the amount in damages that the proposed class members have allegedly sustained. However, Plaintiff alleges that he and the putative class have incurred "expenditures for protective and remedial services for which they are entitled to compensation," as well as the costs associated with monitoring their credit and financial accounts. (*Id.* at ¶ 76.)

19. Three identity-protection agencies—Equifax, LifeLock, and Experian—advertise monthly rates for credit-monitoring services ranging from $11.99 to $24.99.[3] The cost of providing one year of credit-monitoring services at $11.99 per month (the cheapest credit-monitoring service) for 5,600 individuals[4] is approximately $805,728.

20. Additionally, violations of Plaintiff's CCPA claim could result in statutory damages of either (1) $100 to $750 per consumer, per incident, or (2) actual damages, whichever is greater. (Cal. Civ. Code. § 1798.150(a)(1)(A); Ex. A, Compl., ¶¶ 58-69.) Thus, statutory damages for the maximum amount of $750 for one incident for 5,600 individuals is $4,200,000.

21. Taken together, the amount in controversy derived from just the potential costs of credit monitoring and statutory damages equals approximately $5,005,728. Plaintiff also alleges the class members sustained non-economic damages and attorneys' fees (Ex. A, Compl., Prayer for Relief), which could potentially add to the amount in controversy.

22. As a result, the last CAFA requirement is satisfied by a preponderance of the evidence.

## IV. RESERVATION OF RIGHTS AND DENIAL OF LIABILITY

23. Nothing in this Notice is intended or should be construed as an express or implied admission by Defendant of any fact alleged by Plaintiff, of the validity or merit of any of Plaintiff's claims and allegations, or as a limitation of any of Defendant's rights, claims, remedies, and defenses in connection with this action.

---

[3] *See* https://www.equifax.com/personal/products/credit/monitoring-and-reports/ (last visited February 21, 2023); https://lifelock.norton.com/#planschart (last visited February 21, 2023); https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited February 21, 2023).

[4] Plaintiff alleges that "thousands" of individuals make up the class. (Ex. A, Compl., ¶¶ 32, 52.)

## V. CONCLUSION

24. Defendant removes the State Court Action to the United States District Court for the Eastern District of California based on original jurisdiction under 28 U.S.C. § 1332(d).

25. Promptly after filing this Notice of Removal, Defendant will file a copy of it with the clerk of the state court in which this action is pending and will give written notice to counsel for Plaintiff, as required by 28 U.S.C. § 1446(d).

26. This Notice of Removal is submitted without waiver of any procedural or substantive defense that may be available to Defendant and without admitting any of the allegations contained within the Complaint.

27. The undersigned counsel for Defendant has read the foregoing and signs this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required under 28 U.S.C. § 1446(a).

Dated:   March 2, 2023            Respectfully submitted,

**BAKER & HOSTETLER LLP**

By:    */s/ Bethany G. Lukitsch*
       Bethany G. Lukitsch

Attorneys for Convergent Outsourcing Inc.

**PROOF OF SERVICE**

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On March 2, 2023, I served a copy of the within document(s) in a sealed envelope, addressed as follows:

**NOTICE OF REMOVAL**

☑ **VIA U.S. MAIL:** by causing the document(s) listed above to be placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☑ **VIA EMAIL:** by causing to be electronically transmitted a copy of the document listed above via email to the addresses as set forth below, in accordance with the parties' agreement to be served electronically pursuant to Code of Civil Procedure section 1010.6 and California Rule of Court 2.251(a) or court order. No error messages were received after said transmissions.

Abbas Kazerounian, Esq.
Mona Amini, Esq.
**Kazerouni Law Group, APC**
245 Fischer Ave., Unit D1
Costa Mesa, California 92626
ak@kazlg.com
mona@kazlg.com

F. Jay Rahimi, Esq.
**Los Angeles Legal Solutions**
17200 Ventura Blvd., Suite 115
Encino, California 91316
jay@lalslaw.com

*Attorneys for Plaintiff*
*Anthony Cortez*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 2, 2023, at Los Angeles, California.

*/s/ Arnel C. Glorioso*
Arnel C. Glorioso