UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CORTEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>Defendant. | Case No. 1:23-cv-00317-ADA-CDB<br><br>ORDER DIRECTING CLERK OF COURT TO CLOSE CASE AND ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a)(1) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(Doc. 13) |

This action was removed from Kern County Superior Court on March 2, 2023. (Doc. 1). The parties agreed to extend Defendant's time to respond to the complaint (Docs. 6, 7, 10). However, Defendant did not answer or file a pre-answer motion; instead, the parties filed a Notice of Settlement on June 20, 2023, in which they represented they had executed a written settlement agreement. (Doc. 12). Pending before the Court is the parties' Stipulation of Dismissal, filed on June 26, 2023 (Doc. 13), in which the parties stipulate to dismiss Plaintiff's individual claims with prejudice and putative class members' claims without prejudice.

Here, Plaintiff is entitled to dismiss his individual claims (at least) without court order on two independent bases. First, Fed. R. Civ. P. 41(a)(1)(A)(i) permits a plaintiff to dismiss his action with a mere notice anytime before the opposing party has answered or filed a motion for summary judgment. Second, Fed. R. Civ. P. 41(a)(1)(A)(ii) separately permits a plaintiff to dismiss his action with a stipulation signed by all parties who have appeared. Plaintiff's filing here satisfies both Rule 41(a)(1)(A)(i) & (ii).

1    In a class action, however, court approval of dismissal may be required under Rule 41(a)(2) if the class has been certified. Specifically, Rule 23(e) provides that any claims arising out of either a (1) "certified class" or (2) "class **proposed to be certified for purposes of settlement** ... may be settled, voluntarily dismissed, or compromised only with the cour"'s approval." Fed. R. Civ. P. 23(e) (emphasis added).

In this case, the parties jointly seek to dismiss the putative class claims under Rule 41(a)(1) without prejudice. This case is in the initial stages, and thus, Plaintiff has not sought certification. Indeed, as noted above, Defendant has not answered and the case has not convened for a scheduling conference. Thus, while the case is a putative class action, no class has yet been certified, nor is certification being proposed for purposes of settlement.

Because no class has been certified in this case, and because any dismissal would not affect putative class members' claims, Rule 23(e) does not mandate either Court approval of the parties' settlement or notice to putative class members. *See Titus v. BlueChip Financial*, 786 Fed. Appx. 694, 695 (9th Cir. 2019) ("Because no class has been certified, Titus is the only plaintiff before the court; once she has dismissed her claims with prejudice, no other plaintiff can step into her shoes to continue this legal action") (unpublished) (citing *Emp'rs-Teamsters Local Nos. 175 & 505 Pension Tr. Fund v. Anchor Capital Advisors*, 498 F.3d 920, 924 (9th Cir. 2007)).

In light of the parties' filing that is consistent with Rule 41(a)(1) and the Court's finding above that under the circumstances, Rule 23(e) does not require Court approval of the dismissal, this action has been terminated by operation of law without further order of the Court. *Comm. Space Mgmt. Co., Inc. v. Boeing Co., Inc*., 193 F.3d 1074, 1077-78 (9th Cir. 1999).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to CLOSE the file in this case and adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a)(1).

IT IS SO ORDERED.

Dated:   **June 28, 2023**                                   _____
                                                                                      UNITED STATES MAGISTRATE JUDGE